{¶ 87} I concur with the majority opinion, with the addition of the following discussion as to the fourth assignment of error.
{¶ 88} I believe the trial court properly exercised its discretion in permitting statements made by Jamamil to the social worker and treating physician explaining how Layla sustained her injuries under Evid.R. 803(4). This exception to the hearsay rule is permitted due to the inherent reliability of such statements. A five-year-old boy trying to help his sister has an indicia of reliability. Whether the doctors actually used the information in the treatment of his sister is irrelevant. The trial court in this case believed the child's statement was an attempt by Jamamil to help treat his sister, and we should not disturb that ruling. Jamamil's description of how his sister's injuries occurred, with what impact she hit and what she fell on could be crucial factors for doctors to consider in determining treatment. This exception is dependent upon the mindset of the declarant, which must be considered by the trial court.